813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Calvin Jerome DAY, Appellant,
v.
Russell A. ROURKE, Secretary of United States Air Force, Appellee.
 No. 86-2019.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 13, 1986.
Decided Jan. 5, 1987.
 
 Before WINTER, Chief Judge, BUTZNER, Senior Circuit Judge, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 James Brewster Hopewell, on brief, for appellant.
 Major Richard D. Hipple, Office of The Judge Advocate General, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Plaintiff, a black male civilian employee of the Air Force, sued to redress alleged racial discrimination in the failure to promote him to a position for which he was qualified. The plaintiff neglected, however, to bring the matter which caused him to believe he had been discriminated against to the attention of an EEO counselor within 30 days of the alleged discrimination as prescribed by 29 C.F.R. Sec. 1613.214(a)(1). Plaintiff learned of the alleged discriminatory act on February 19, 1982. He did not meet with an EEO counselor until August, 1982 or file a written complaint until October 21, 1982. As a consequence, the Air Force dismissed the complaint as untimely. The district court sustained the Air Force's dismissal of the complaint, ruling that the plaintiff failed to exhaust his administrative remedies as a prerequisite to his court action. The district court also found that there was no basis to estop the Secretary from requiring strict compliance with the requirements of the regulation.
 
 
 2
 Plaintiff appeals and we affirm.
 
 
 3
 The principal question before us is whether the Secretary is estopped from asserting plaintiff's procedural default. We agree with the district court that he is not. Plaintiff knowingly elected not to pursue his administrative remedy due to the erroneous advice of the president of the local union representing the bargaining unit of which plaintiff was a member. The union president did not act as a government employee in giving that advice. As a consequence, his error cannot estop the government. Instead of employing the available administrative remedy, plaintiff presented his claim to the Squadron Commander responsible for the sheet metal shop in which the plaintiff worked.
 
 
 4
 Under the regulations, a plaintiff need not demonstrate affirmative misconduct on the part of government officials in order to justify tolling of the prescribed time limits. 29 C.F.R. Sec. 1613.214(a)(4). But we perceive no duty on the part of the Squadron Commander to insist that plaintiff pursue the proper remedy, especially when plaintiff's claim of discrimination was only a part of a broadside complaint about fraud, and other abuses in his sheet metal shop. Under the circumstances of this case, the Squadron Commander's actions were not so negligent as to have prevented the plaintiff from submitting his complaint to an EEO Counselor within the established time limits. Id.
 
 
 5
 In short, plaintiff's administrative complaint was time-barred and there is no proper basis to invoke the doctrine of estoppel. Since the administrative remedy was not properly invoked and there is no legally cognizable excuse for the omission, plaintiff cannot litigate his claim of discrimination in the district court because of his failure to exhaust administrative remedies.
 
 
 6
 AFFIRMED.